# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HITEX, LLC,

    Plaintiff,

    v.      No. 1:21-cv-697-KWR-KRS

PAUL M. VOREL, JOHN ERNEST LIGHT,
TINA S. LIGHT, ACCOUNTING FOR EDMOND, LLC
*An Oklahoma limited liability company,*
INVESTORS SERVICES, LLC*, an Oklahoma Corporation,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss or, Alternatively, Transfer Venue **(Doc. 9)**. Having reviewed the parties' briefs and applicable law, the Court finds that Defendants' motion is **WELL-TAKEN** in part and shall be **GRANTED IN PART**. The Court **DECLINES TO DISMISS** this matter but will instead transfer it to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

This case concerns the alleged conversion or misappropriation of funds from two payday lending businesses. Plaintiff (or Plaintiff's owners)[1] owned two related payday lending businesses in New Mexico, Cashco, Inc., and Budget Payday Loans Limited Partnership. Defendants assisted in managing and operating the businesses, including providing accounting services and managing certain financial transactions. Plaintiff alleges that Defendants withdrew funds which were meant

---

[1] Plaintiff is owned by four individuals who also owned the two New Mexico payday lending businesses. The four individual owners assigned their claims in this case to Plaintiff. The Court may at times refer to Plaintiff as the "owner" of payday lending businesses, when in fact Plaintiff shared common owners with those businesses.

to be distributions to the individual owners. Plaintiff alleges that Defendants failed to distribute those funds to the owners.

Plaintiff already filed two similar cases against Defendants in Oklahoma courts. One case was filed in the Western District of Oklahoma and asserted that Defendants mismanaged Plaintiff's payday lending businesses in Wisconsin, Colorado, Nevada, and Oklahoma.

Plaintiff asserts the following claims against Defendants in this case:

Count I: Breach of Contract;

Count II: Breach of Fiduciary Duty;

Count III: Conversion;

Count IV: Fraud;

Count V: Unjust Enrichment; and

Count VI: Negligence.

Cashco and Budget filed Chapter 7 bankruptcy cases in New Mexico. Plaintiff has submitted some evidence suggesting that these bankruptcies may have surplus or solvent estates which may distribute money back to the owners. Neither party has suggested that a bankruptcy stay or discharge injunction applies to this case.

## DISCUSSION

This is Plaintiff's third case against Defendants for alleged improprieties in managing Plaintiff's payday lending businesses. Defendants move to dismiss this case under the first to file doctrine, asserting that the Court should dismiss this case because a similar case was already filed in the Western District of Oklahoma. Alternatively, Defendants request that the Court transfer venue to the Western District of Oklahoma for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes both dismissal and transfer. Although the Court

finds dismissal to be inappropriate, the Court will exercise its discretion to transfer this case to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

**I.      Court declines to dismiss case under first to file doctrine.**

Defendants move to dismiss this case under the first to file doctrine. Defendants assert that the Court should dismiss this case because Plaintiff filed another allegedly similar case in the Western District of Oklahoma against most of the same Defendants. The WDOK case appears to assert similar claims related to Defendants' management of payday lending businesses in Oklahoma, Colorado, Wisconsin, and Nevada. This case involves Plaintiff's New Mexico businesses.

The first to file rule "permits, but does not require, a federal district court to abstain from exercising its jurisdiction in deference to a first-filed case in a different federal district court." *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018). The Court may consider the following non-exhaustive factors, including "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Id.* Other factors may "merit not applying the first-to-file rule in a particular case." *Id.* at 1127. For the reasons stated below, the Court declines to dismiss this case.

**A.      Plaintiff first filed a case in Western District of Oklahoma.**

As to the first factor, it is undisputed that Plaintiff first filed a case in the Western District of Oklahoma.

**B.      The parties in this case and the federal Oklahoma case are similar.**

The parties in this case are similar, albeit not identical. The parties need not be identical, but there must be substantial overlap. *Wakaya Perfection*, 910 F.3d at 1126.

**C.      The claims are not similar.**

3

However, the Court concludes that the claims in this case are not factually similar to the claims in the WDOK case. Although the legal causes of action may appear similar at a high level of generality, they stem from separate factual allegations and involve the management of separate businesses. "The issues need not be identical, but they must be materially on all fours and have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 791 (6th Cir. 2016) (internal quotation marks omitted). The issues must be substantially similar only in that they "seek like forms of relief and hinge on the outcome of the same legal/factual issues." *Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 683 F. Supp. 2d 1261, 1279 (D. Utah Jan. 26, 2010) (Stewart, J.).

Although the legal issues, claims, and parties may appear similar at a high level of generality, the two cases appear to stem from separate factual occurrences. Nothing in the record suggests that the money at issue in this case is the same money at issue in the Oklahoma case. Rather, the Oklahoma case concerns the Defendants' management of Oklahoma, Wisconsin, Nevada, and Colorado payday lending businesses. This case concerns the alleged failure to distribute money to the owners from two New Mexico payday lending businesses. If the Court were to grant Defendants' request and dismiss this case, it is possible that Plaintiff would be left without a way to recover the money allegedly converted in this case.

The record also does not reflect whether the discovery in this case would overlap at all with the discovery in the Oklahoma case. Although the two cases involve similar parties and the same types of claims, they appear to involve separate factual occurrences.

Therefore, the Court declines to dismiss this case under the first to file doctrine.

## II. The Court will transfer this case to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

Defendants alternatively request that the Court transfer this case pursuant to 28 U.S.C. § 1404(a) to the Western District of Oklahoma, where the parties are currently litigating a similar case involving similar legal claims. For the reasons stated below, upon weighing the factors and considering the interests of justice, the Court will transfer this case.

### A. Relevant Legal Standard for § 1404(a) motion.

The venue statute states that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. §1404(a). Defendant bears the burden of establishing that the existing forum here in New Mexico is inconvenient. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1167 (10th Cir. 2010). Courts have broad discretion to adjudicate motions to transfer, and should decide motions to transfer on a case-by-case basis. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515, 1516 (10th Cir. 1991). Based on its language, an analysis under §1404(a) requires consideration on three fronts:

(1) whether the case could have been brought in the other district or division;

(2) whether discretionary factors weigh in favor of transfer based on the convenience of parties and witnesses; and

(3) whether transfer is in the interest of justice.

*Biotronik, Inc. v. Lamorak Ins. Co.*, No. CIV. 15-00252 WJ/WPL, 2015 WL 3522362, at *4 (D.N.M. June 3, 2015).

### B. Venue is proper in the Western District of Oklahoma.

5

The only express statutory limitation on the Court's discretion to transfer a case under 28 U.S.C. § 1404(a) is the requirement that the new forum be a "district or division where [the case] might have been brought." 28 U.S.C. § 1404(a). In a diversity action, venue lies in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated…" 28 U.S.C. § 1391(b). A person's place of residence under §1391(c)(1) is defined as the district in which the person is domiciled, and an entity's residence is defined in §1391(c)(2) as its "principal place of business."

Here, it is undisputed that Plaintiff's principal place of business is in Nevada. It appears to be undisputed that all Defendants reside in Oklahoma. **Doc. 9 at 12.** Plaintiff agrees that venue is proper in the Western District of Oklahoma. **Doc. 13 at 5.** Therefore, the Court finds that the Western District of Oklahoma is a district where this case might have been brought.

    **C.**    **<u>Discretionary Factors favor transfer under § 1404(a)</u>.**

The Court considers the following discretionary factors when considering a motion to transfer venue for convenience under § 1404(a):

(1) the plaintiff's choice of forum;
(2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses;
(3) the cost of making the necessary proof;
(4) questions as to the enforceability of a judgment if one is obtained;
(5) relative advantages and obstacles to a fair trial;
(6) difficulties that may arise from congested dockets;
(7) the possibility of the existence of questions arising in the area of conflict of laws;
(8) the advantage of having a local court determine questions of local law; and
(9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Bartile Roofs, Inc.*, 618 F.3d at 1167 (citing *Chrysler*, 928 F.2d at 1516)).  The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir.1992), *quoted in Bartile Roofs, Inc.* "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Id.* at 966.

### D. Plaintiff's Choice of Forum.

The Plaintiff's choice of forum under these circumstances is not entitled to much deference and does not weigh toward denying transfer.  Generally, a plaintiff's choice of forum is accorded considerable deference and weighs toward denying transfer. *Piper Aircraft Company v Reyno*, 454 U.S. 235, 241-242 (1981).  Here, however, Plaintiff is a resident of Nevada.  None of the four owners of Plaintiff reside in New Mexico.  When a plaintiff's choice is not its home forum, the presumption in the plaintiff's favor "applies with less force," for the assumption that the chosen forum is appropriate is then "less reasonable." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–256 (less deference is warranted where the chosen forum is not plaintiff's home forum); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423, (2007) (same).  Therefore, Plaintiff's selection of forum carries much less deference here.  *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) ("The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district.").

Additionally, Plaintiff's choice of forum carries less deference here because it already filed similar cases against Defendants in Oklahoma. See *Global Tech. Sys., Inc. v. Beco Dairy Automation, Inc.*, 2014 WL 12596721, at *7-8 D.N.M. June 6, 2014) (where cases are "substantially similar and arise out of the same or similar operative facts, the plaintiff's choice of forum in the New Mexico litigation loses its significance.").

Therefore, the Court concludes that Plaintiff's choice of forum is entitled to significantly less deference here and this factor does not weigh toward denying transfer.

  **E.**  **<u>Convenience to parties and witnesses.</u>**

The Court finds that transferring this case to the Western District of Oklahoma would result in greater convenience to the parties and witnesses.

"The convenience of witnesses is the most important factor in deciding a motion under 1404(a)." *Emplrs Mut. Cas. Co. v. Bartile* Roofs, Inc., 618 F.3d 1153, 1169 (10th Cir. 2010). The movant must "(1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial… that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *Id.*

"The materiality of the prospective witnesses' testimony, and not merely the number of prospective witnesses, will determine the extent to which their convenience will be weighed." *Bartile Roofs*, 618 F.3d at 1169.

The Court notes that the Defendants are located in Oklahoma and the Defendants' actions giving rise to these claims occurred in Oklahoma. The Plaintiff resides in Nevada, while the record does not reflect what actions occurred in New Mexico. Defendants' evidence is clearly located in Oklahoma. Therefore, the Court finds that Defendants have carried their burden and this factor weighs toward finding that the Western District of Oklahoma is a more convenient venue.

Plaintiff's arguments to the contrary are unavailing. Plaintiff's primary argument for filing this case in New Mexico is that it owned two payday lending businesses here. Plaintiff argues that it will need evidence or witnesses from the New Mexico pay day lending businesses. Plaintiff

8

was the owner of the New Mexico businesses, while Defendants allegedly managed or ran the financial aspects of the businesses from Oklahoma.

However, the record does contain evidence or offers of proof supporting Plaintiff's arguments. Although Defendants bear the burden on this transfer motion, Plaintiff must still support its arguments by putting forth evidence or offers of proof into the record. Plaintiff has generally not identified the evidence or witnesses it would obtain from the New Mexico businesses, or shown that these witnesses or evidence are material. Plaintiff has not explained what evidence is not already in its or Defendants' possession. Plaintiff has not identified any particular witnesses or evidence from New Mexico. Plaintiff has not shown that any particular witness would be unwilling to testify in this case. Moreover, Plaintiff has not set forth the materiality or quality of the alleged evidence in New Mexico, or why deposition testimony would be inadequate.

Plaintiff asserts that bankruptcy attorneys for the New Mexico payday lending businesses reside in New Mexico and they may testify in this case. Defendant ISI sent a letter to Cash Co, Inc's bankruptcy counsel, asserting that Defendant ISI possessed $142,500 belonging to the bankruptcy estate of one of the New Mexico payday lending business. The money was apparently not accepted. The trustee of the bankruptcy estate allegedly noted that the bankruptcy case had a surplus estate which was solvent, and the money belonged to the individual owners. It is unclear why the bankruptcy attorneys would need to testify. Plaintiff has not shown that these witnesses would be unwilling to testify as witnesses or that deposition testimony would be inadequate.

To the extent Plaintiff asserts that witnesses from New Mexico would not be available if this case was transferred to Oklahoma, it has not made that showing. The Court notes that Plaintiff filed a similar case in the Western District of Oklahoma based on payday lending businesses it

9

owned in Wisconsin, Nevada, Colorado, and Oklahoma. Plaintiff has not argued that it was unable to gather evidence or obtain witnesses in that case from its out of state businesses in Wisconsin, Nevada or Colorado.

Finally, the Court acknowledges that Plaintiff's and Defendant's counsel resides in New Mexico. However, the location of counsel is the least important of the factors to be considered when assessing a motion to transfer venue. *Dupre v. Spanier Marine Corp.*, 810 F. Supp. at 826 ("The Court concurs with legion other courts that of the factors listed location of counsel is entitled to the least consideration"). Moreover, both sides already have counsel in Oklahoma litigating a similar case.

Therefore, the Court finds that this factor weighs in favor of transferring this action to the Western District of Oklahoma.

### F.     Cost of Making Necessary Proof.

The Court finds that the cost of making necessary proof weighs in favor of transfer. Defendants reside in Oklahoma, while Plaintiff resides in Nevada. It would be more expensive to force both parties to travel to New Mexico than to hold trial in Oklahoma, where Defendants already reside.

### G.     Court Docket Congestion.

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010).

The Court looks to publicly available statistics on the uscourts.gov website. https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/06/30-1

(last accessed November 23, 2021). For the twelve-month period preceding June 30, 2021, the Western District of Oklahoma had 305 weighted filings per judgeship, with no judicial vacancies. The median time from filing to disposition of a civil case was 8.9 months. *Id.* There are 304 cases pending per judgeship.

New Mexico had 412 weighted filings per judgeship, with 24 months of judicial vacancies. The median time for disposition of a civil case was 8.8 months. The District of New Mexico has two current or future vacancies out of seven judgeships. There are 477 pending cases per judgeship. *Id.*

The statistics for the median time from filing to trial of a civil case is not available for either district for the period ending June 30, 2021.

Both districts are clearly busy, and the Court finds that this factor is largely neutral.

**H.     Remaining Factors.**

The remaining factors are either neutral, irrelevant, or weigh toward transfer.

The parties have not argued there is a conflict of law issue which would favor this court ruling on the claims in this case. This is a diversity case involving state law, but federal judges in either district may apply state law. *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010).

The Court finds that the Oklahoma courts have a greater interest in adjudicating this action than this court. The Western District of Oklahoma already has a case involving similar claims between similar parties. The Defendants are Oklahoma residents, their actions occurred in Oklahoma, and there are no New Mexico parties in this action.

It is unclear why this case was filed in New Mexico. None of the parties reside in New Mexico, and the record does not reflect what actions occurred in New Mexico. There is already a

11

similar case involving similar claims between similar parties in Oklahoma. The Court suspects this case was filed in this district for forum shopping. The fact that New Mexico businesses may have been involved does not necessitate that the case proceed here. For example, Plaintiff filed a case in Western District of Oklahoma which involved Colorado, Nevada, Wisconsin, and Oklahoma payday lending businesses.

Neither party has argued that there are obstacles to a fair trial in Oklahoma. The parties have also not asserted that there would be an issue with enforceability of a judgment.

Moreover, the parties appear to assume that the Western District of Oklahoma would have diversity jurisdiction over this case. All Defendants are alleged to be residents of Oklahoma. Plaintiff is an LLC. Plaintiff has four members, none of whom are residents or citizens of Oklahoma. **Doc. 13 at 4.** Therefore, there appears to be complete diversity.

Weighing the factors together and considering the totality of the circumstances, the Court concludes that it would be more convenient for the parties and the witnesses to transfer this case to the Western District of Oklahoma.

## I.     **Bankruptcy cases.**

Neither party has yet shown that the bankruptcy cases in this district will have any bearing on this case. At least one of the bankruptcy estates is solvent and may have surplus funds which could be distributed to the owners. *See, e.g.,* 11 U.S.C. §726(a)(6) (providing for distribution of property of estate to debtor after certain other claims satisfied).

## III.    **Interest of Justice.**

The "interest of justice" analysis is a separate element of the transfer analysis that relates to the efficient administration of the court system. *Mann v. Auto. Prot. Corp.*, 777 F. Supp. 2d 1234, 1244 (D.N.M. 2011) (citing *See Van Dusen v. Barrack*, 376 U.S. 612, 626-27 (1964). "This

element is concerned with both judicial efficiency and the avoidance of conflict between coordinate courts." *Biotronik, Inc. v. Lamorak Ins. Co.*, No. CIV. 15-00252 WJ/WPL, 2015 WL 3522362, at *5 (D.N.M. June 3, 2015); *See Cont'l Grain Co.*, 364 U.S. at 26 ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

Here, transfer of this case would serve the interest of justice.  The Western District of Oklahoma already has a similar case involving the parties.  By transferring this case, the Court would avoid conflict between district courts and would serve judicial efficiency.  Moreover, transfer would prevent potential forum shopping.

**IV.**     **Objections to Notice of Briefing Complete.**

Defendants in effect seek to strike Plaintiff's response as untimely.  Defendant filed its motion to dismiss or transfer on September 27, 2021.  **Doc. 9.**  On October 14, 2021, Plaintiff had not yet filed a response, so Defendants filed a notice of briefing complete.  **Doc. 12.**  Plaintiff filed its response that same day, and also filed objections to the notice of briefing complete.  **Docs. 13, 14.**  Although Plaintiff's response was technically late, the Court finds excusable neglect and therefore sustains Plaintiff's objection to the notice of briefing complete.

Local Rule 7.4(a) provides that "[a] response must be served and filed within fourteen (14) calendar days after service of the motion." Rule 6(d) of the Federal Rules of Civil Procedure additionally provides, "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(A)." These 3 days are not added when motions are served under Rule 5(b)(2)(E) (sending it to a registered

user by filing it with the court's electronic-filing system). Defendants filed its motion on September 27, 2021, so the response would normally be due on Monday, October 11, 2021. Because October 11 was a federal holiday, Plaintiff's response was due on October 12, 2021. Rule 6(a)(3). Plaintiff's response was therefore two days late.

However, it is within the Court's discretion to excuse a late filing. Rule 6(b)(1)(B) provides that for any act that must be done by a party to a federal court proceeding within a specified time frame, the court may "for good cause, extend the time…after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Court may consider (1) whether the delay in filing was within the reasonable control of the movant, (2) the length of the delay and the delay's potential impact on judicial proceedings, (3) the danger of prejudice to the non-moving party, and (4) whether the movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1992). Here, although the response was filed two days late, it was based on a reasonable misunderstanding of the federal rules. Plaintiff's counsel primarily practices in state court and assumed that federal rules were consistent with state rules, which allow three additional days after electronic service. *See* NMRA 1-006(c). The Court finds that the two-day delay did not impact proceedings. Moreover, there is no evidence to suggest that Defendants were prejudiced by the two-day delay. Finally, the Court finds that Plaintiff's counsel acted in good faith. Therefore, the Court finds that there was excusable neglect, and the Court will accept the late filed response and sustain Plaintiff's objection to the notice of briefing complete.

## CONCLUSION

The Court finds, after balancing the discretionary factors and considering the interests of justice, that this case should be transferred to the Western District of Oklahoma for the convenience of the parties and witnesses.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss or Transfer Venue **(Doc. 9)** is hereby **GRANTED IN PART**;

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL TRANSFER THIS ACTION TO THE WESTERN DISTRICT OF OKLAHOMA.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**